IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RITA FOSTER )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>JOE A. LEE, JAMES )<br>PARKER, LEON FRAZIER, )<br>AND ALABAMA STATE )<br>UNIVERSITY, )<br>)<br>DEFENDANTS. | CIVIL ACTION NUMBER: |

## ALABAMA STATE UNIVERSITY AND PRESIDENT JOE A. LEE'S ANSWER TO COMPLAINT

**COME NOW** the Defendants, Alabama State University ("ASU") and President Joe A. Lee ("President Lee") by and through undersigned counsel and hereby submit this Answer to the Complaint. This Answer is not submitted on the behalf of any other Defendant named in this action. ASU and President Lee state the following:

### I. Jurisdiction

1.      Denied. President Lee and ASU demand strict proof that this suit is proper before the Court.

### II. Venue

2.      Admitted.

### III. Parties

3.      Admitted.

4.   These statements do not pertain to President Lee or ASU. Therefore, they can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

5.   Admitted.

6.   These statements do not pertain to President Lee or ASU. Therefore, they can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

7.   Admitted.

### IV. Facts

8.   Admitted.

9.   President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

10.  Admitted.

11.  President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

12.  President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

13.  President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

14. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

15. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

16. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

17. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

18. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

19. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

20. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

21. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

22. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

23. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

24. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

25. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

26. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

27. Admitted to the extent that hearing was held on the charges alleged by James Parker. The remaining allegations are denied, and President Lee and ASU demand strict proof thereof.

28. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

29. Admitted to the extent that the hearing officer sent a Memorandum to Olan Wesley. The remaining allegations are denied, and President Lee and ASU demand strict proof thereof.

30. Admitted to the extent that the Plaintiff submitted a response to the hearing Officer's recommendations. The remaining allegations are denied, and President Lee and ASU demand strict proof thereof.

31. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

32. Admitted to the extent that Foster was terminated on March 21, 2005. President Lee and ASU can neither admit or deny the remaining allegations and demand strict proof thereof.

33. Admitted.

34. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

35. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

36. President Lee and ASU can neither admit nor deny. To the extent that these statements affect the defenses and arguments of President Lee and ASU, they demand strict proof thereof.

37. Admitted.

38. Admitted. This action was done in accordance with the ASU Non-Academic Staff Handbook.

39. Admitted.

40. Admitted. This action was done in accordance with the ASU Non-Academic Staff Handbook.

### V. Causes of Action

### Count I

### BREACH OF CONTRACT (PENDENT STATE LAW CLAIM)

41. Lee and ASU incorporate paragraphs 1-40 as fully set forth herein.

42. Admitted to the extent that the handbook included personnel policies and procedures applicable to non-academic staff. The remaining allegations are denied, and President Lee and ASU demand strict proof thereof.

43. Admitted to the extent that the handbook describes due process rights for termination and discipline and appeal rights. The remaining allegations are denied, and President Lee and ASU demand strict proof thereof.

44. Denied. President Lee and ASU demand strict proof thereof. At all times relative to the discipline and termination of Rita Foster, ASU followed the guidelines set forth in its Non-Academic Staff Handbook. The Plaintiff's termination was the result of her own actions and her

violations of University policy. She was not denied any due process rights. She was afforded a hearing on the charges alleged against her. The hearing officer concluded that the charges alleged were sustained and that termination was in order. She was afforded the opportunity to appeal her termination to the ASU Board of Trustees. The Board of Trustees denied her appeal at its September 22, 2006 meeting. The Plaintiff received notification of this action. *See* Exh. 1 (Letter from Olan Wesley re: Board decision). Neither President Lee nor ASU took actions to conceal any improper conduct.

45. Denied. President Lee and ASU demand strict proof thereof.

## COUNT II

### CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. §1983 AND §1985 (CONSPIRACY)

46. President Lee and ASU incorporate paragraphs 1 through 45 as if fully set forth herein.

47. Denied. President Lee and ASU demand strict proof thereof.

48. Denied. President Lee and ASU demand strict proof thereof.

## COUNT III

### CONSPIRACY (PENDENT STATE LAW CLAIM)

49. President Lee and ASU incorporate paragraphs 1 through 48 as if fully set forth herein.

50. Denied. President Lee and ASU demand strict proof thereof. President Lee and ASU took no actions of retaliation against the Plaintiff. The Plaintiff fails to acknowledge her own wrong doings as the source of her termination. There was and there is no conspiracy to

7

conceal any acts of theft allegedly committed by Parker. Plaintiff's appeal has been heard as it was denied by the Board of Trustees on September 22, 2006.

51. Denied. President Lee and ASU demand strict proof thereof.

52. Denied. President Lee and ASU demand strict proof thereof.

## COUNT IV

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND FOURTEENTH AMENDMENT OT THE UNITED STATES CONSTITUTION (DUE PROCESS)

53. President Lee and ASU incorporate paragraphs 1 through 52 as if fully set forth herein.

54. Denied. President Lee and ASU demand strict proof thereof.

55. Denied. President Lee and ASU demand strict proof thereof.

56. Denied. President Lee and ASU demand strict proof thereof.

## COUNT V

### VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### (FAILURE TO PROPERLY TRAIN, SUPERVISE AND CONTROL)

57. President Lee and ASU incorporate paragraphs 1 through 56 as if fully set forth herein.

58. Denied. President Lee and ASU demand strict proof thereof.

59. Denied. President Lee and ASU demand strict proof thereof.

60. Denied. President Lee and ASU demand strict proof thereof.

## COUNT VI

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (EQUAL PROTECTION)

61. President Lee and ASU incorporate paragraphs 1 through 56 as if fully set forth herein.

62. Denied. President Lee and ASU demand strict proof thereof.

63. Denied. Denied. President Lee and ASU demand strict proof thereof.

64. Denied. Denied. President Lee and ASU demand strict proof thereof.

## AFFIRMATIVE DEFENSES

President Lee and ASU assert the following affirmative defenses against the claims asserted in the Plaintiff's Complaint:

1. The Plaintiff has failed to state a claim upon which relief can be granted.

2. ASU is immune from suit under Article I, § 14, Alabama Constitution (1901). ASU is an educational institution operating under the supervision of a state agency. ASU is entitled to sovereign immunity against all of Plaintiff's claims.

3. President Lee is immune from suit under the doctrine of discretionary immunity and is entitled to such immunity against all of Plaintiff's claims as well as any other University official performing discretionary functions.

4. All claims against ASU officials should be dismissed as official capacity suits are nothing more than suits against the institution, and ASU has already been named as a party to this action. *See Hinson v. Holt*, 776 So. 2d 804, 810 (Ala.Civ.App. 1998).

5. President Lee is entitled to qualified immunity in his individual and official capacity against the Plaintiff's claims brought pursuant to 42 U.S.C. Section 1983 and Section 1985.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff has failed to state a claim upon which compensatory damages may be awarded.

8. No action of President Lee or ASU was the proximate cause of any violation of the Plaintiff's protected rights.

9. Plaintiff's claims are barred by laches.

10. Plaintiff has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

11. At all times relevant to this action, President Lee and ASU were acting upon their reasonable understanding and belief of the requirements of the governing federal law and state law.

12. Plaintiff has failed to state factual allegations to support the claim of breach of contract.

13. Plaintiff has failed to state factual allegations to support the claim of conspiracy.

14. Plaintiff has failed to state factual allegations to support any claim brought pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1985.

15. As to any alleged intentional wrongful conduct or conduct involving malice by an employee or agent of ASU, it is denied that President Lee or ASU either: (1) knew or should have known of the unfitness of the agent and employed him or continued to employ him or used his services without proper instruction and with disregard to the rights or safety of others; (2)

authorized the agent's alleged wrongful conduct; or (3) ratified the alleged wrongful conduct of the agent; nor were the alleged acts of the agent calculated to nor did they benefit ASU.

16. Any actions of an agent or employee of ASU that were allegedly unlawful, as they relate to the Plaintiff were outside the line and scope of the agent or employee's agency or employment and were not ratified by ASU, nor did ASU receive any benefits therefrom.

17. The Plaintiff's claims for punitive damages are due to be struck as sufficient facts are not pled to permit the Plaintiff to recover punitive damages.

18. President Lee and ASU deny that they are guilty of any conduct which entitles Plaintiff to recover punitive damages.

19. President Lee and ASU aver that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to them under the Constitution of the State of Alabama.

20. President Lee and ASU aver that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to them under the Constitution of the United States of America.

21. Plaintiff can not recover for mental pain, suffering, emotional distress, or similar damages.

22. To the extent the claims asserted in this action are wholly without foundation or facts and are frivolous, President Lee and ASU assert that they are entitled to relief under this Court's inherent powers and any other rule, statute or case law that provides for an award of attorney's fees.

23. President Lee and ASU demand attorney's fees and costs.

24. President Lee and ASU reserve the right to amend these defenses at a later date.

        Respectfully Submitted,

        /s/ Ramadanah M. Salaam-Jones
        **Kenneth L. Thomas (THO043)**
        **LaTasha A. Meadows (MEA020)**
        **Ramadanah M. Salaam-Jones (SAL026)**

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS, & SEAY, P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 Fax: (334)260-9396

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following counsel of record via this Court's electronic filing and case management system on this the 12th day of April, 2007.

        Thomas C. Tankersley, Esq.
        Thomas C. Tankersley, P.C.
        602 South Hull Street
        Post Office Box 11386
        Montgomery, Alabama 36111-0386

        /s/ Ramadanah M. Salaam-Jones
        **OF COUNSEL**



OFFICE OF
HUMAN RESOURCES

CERTIFIED NO: 7000 1530 0000 5047 7984

September 25, 2006

Ms. Rita Foster
2641 Country Brook Dr.
Montgomery, AL 36116

RE: **Request to Appeal to Board of Trustees**

Dear Ms. Foster:

The Board of Trustees upheld the decision to terminate your employment at Alabama State University at its September 22, 2006 meeting.

Sincerely,

Olan L. Wesley, Director
Office of Human Resources

cc:  Dr. Joe A. Lee, President
     Dr. Leon Frazier, Vice President for Administrative Services

     Attorney Ramadanah Salaam-Jones
     Thomas, Means, Gillis & Seay, P.C.
     Attorneys and Counselors at Law
     3121 Zelda Court
     Post Office Drawer 5058
     Montgomery, Alabama 36103-5058

ALABAMA
STATE
UNIVERSITY

P.O. BOX 271
MONTGOMERY,
ALABAMA
36101-0271
334.229.4667
334.263.0697 FAX
www.alasu.edu