IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RITA FOSTER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Civil Action No.<br>2:07-CV-00247-MHT |
| | ) | |
| JOE A. LEE, JAMES PARKER<br>LEON FRAZIER, and ALABAMA<br>STATE UNIVERSITY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## LEON FRAZIER'S ANSWER TO COMPLAINT

Comes now Defendant Leon Frazier, by and through undersigned counsel, and submits this his Answer to the Complaint.

## ANSWER

### I. Jurisdiction

1.      Defendant Frazier denies that this Court has jurisdiction of this case and demands strict proof thereof.

## II. Venue.

2.  Should this Court lack jurisdiction to hear and determine this cause, venue is improper.

## III. Parties.

3.  Defendant Frazier admits the allegations of paragraph 3 of the Complaint.

4.  Defendant Frazier admits the allegations of paragraph 4 with reference to the age and residence of Defendant Parker. Defendant Frazier denies each and every other material allegation contained in paragraph 4.

5.  Defendant Frazier admits the allegations of Paragraph 5 of the Complaint with reference to the age and residence of Defendant Lee. Defendant Frazier denies each and every other material allegation of paragraph 5 of the Complaint.

6.  Defendant Frazier denies that he is a resident of Montgomery County, Alabama. Defendant Frazier admits each and every other material allegation contained in paragraph 6 of the Complaint.

7.  Defendant Frazier denies that Alabama State University is subject to suit under 42 U.S.C. §1983. Defendant Frazier admits each and every other material allegation contained in paragraph 7 of the Complaint.

## IV. Facts.

8. Defendant Frazier is without knowledge or information sufficient to form a reasonable belief of the veracity of the allegations of paragraph 8 and therefore demands strict proof thereof.

9. Defendant Frazier is without sufficient knowledge or information necessary to form a reasonable belief of the veracity of the allegations of paragraph 9 and therefore demands strict proof thereof.

10. Defendant Frazier is without sufficient knowledge or information necessary to form a reasonable belief of the veracity of paragraph 10 and therefore demands strict proof thereof.

11. Defendant Frazier is without sufficient knowledge or information necessary to form a reasonable belief as to the veracity of paragraph 11 and therefore demands strict proof thereof.

12. Defendant Frazier is without knowledge or information sufficient to form a reasonable belief of the veracity of the allegations of paragraph 12 and therefore demand strict proof thereof.

13. Defendant Frazier is without sufficient knowledge or information necessary to form a reasonable belief of the veracity of paragraph 13 and therefore demands strict proof thereof.

14.   Paragraph 14 contains a multiplicity of allegations. To the extent that any of such allegations affect the defenses and arguments of defendant Frazier, said allegations are denied and defendant Frazier demands strict proof thereof.

15.   Defendant Frazier neither admits nor denies the allegations contained in paragraph 15 of the Complaint. To the extent that said allegations affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

16.   Paragraph 16 of the Complaint contains a multiplicity of allegations. To the extent that any of the allegations relate to the defenses and arguments of defendant Frazier they are denied, and defendant Frazier demands strict proof thereof.

17.   Defendant Frazier neither admits nor denies the allegations of paragraph 17 of the Complaint. To the extent that the allegations of paragraph 17 affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

18.   Defendant Frazier is without knowledge or information sufficient to form reasonable belief as to the veracity of the allegations of paragraph 18 of the Complaint and therefore demands strict proof thereof.

19.   Defendant Frazier admits that in January 2004 ASU hosted in the

Acadome a seminar sponsored by the Pentagon. Defendant Frazier denies each and every other material allegation contained in paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant Frazier denies the allegations of paragraph 20 of the Complaint and demand strict proof thereof.

21. Defendant Frazier is without knowledge or information sufficient to form reasonable belief as to the veracity of the allegations of paragraph 21 and demands strict proof thereof.

22. Defendant Frazier neither admits nor denies the allegation of paragraph 22. To the extent that said allegations affect the defenses and arguments of defendant Frazier, strict proof thereof is demanded.

23. Defendant Frazier neither admits nor denies the allegations of paragraph 23 of the Complaint. To the extent that said allegations affect the defenses and arguments of defendant Frazier, strict proof thereof is demanded.

24. Defendant Frazier neither admits nor denies the allegations of paragraph 24 of the Complaint. To the extent that said allegations affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

25. Defendant Frazier is without knowledge or information sufficient to form a reasonable belief as to the veracity of the allegations of paragraph 25, and therefore demands strict proof thereof.

26. Defendant Frazier neither admits nor denies the allegations of paragraph 26 and demands strict proof thereof.

27. Defendant Frazier admits that a hearing was held on the charges by James Parker, and denies each and every other material allegation contained in paragraph 27 of the complaint, and demands strict proof thereof.

28. Defendant Frazier neither admits nor denies the allegations of paragraph 28 of the Complaint and demands strict proof thereof.

29. Paragraph 29 contains a multiplicity of allegations which defendant Frazier neither admits nor denies. To the extent that any of said allegations affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

30. Defendant Frazier admits that plaintiff submitted a "written statement of position in response to the hearing officer's findings and recommendations". Defendant Frazier denies each and every other material allegation contained in paragraph 30, of the Complaint and demands strict proof thereof.

31. Defendant Frazier neither admits nor denies the allegations of paragraph 31 of the Complaint. To the extent that said allegations affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

32. Defendant Frazier is without knowledge or information sufficient to form reasonable belief as to the veracity of the allegations of paragraph 32 of the

Complaint. To the extent that the allegations of paragraph 32 affect the defenses and arguments of the defendant Frazier, he demands strict proof thereof.

33. Defendant Frazier admits that plaintiff Foster filed an appeal of her termination to the ASU Board of Trustees.

34. Defendant Frazier is without knowledge or information sufficient to form reasonable belief as to the veracity of the allegations of paragraph 34 of the Complaint. To the extent that said allegations affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

35. Defendant Frazier is without knowledge or information sufficient to form reasonable belief as to the veracity of the allegations of paragraph 35, of the Complaint. To the extent that the allegations of paragraph 35 affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

36. Defendant Frazier is without knowledge or information sufficient to form reasonable belief as to the veracity of the allegations of paragraph 36 and demands strict proof thereof.

37. Defendant Frazier is informed and believes that the Alabama Ethics Commission conducted a hearing on the allegations of alleged unethical and unlawful conduct of defendant James Parker. Defendant Frazier can neither admit nor deny the allegations of paragraph 37 as drafted.

38. Defendant Frazier admits the allegations of paragraph 38 of the Complaint.

39. Defendant Frazier admits the allegations of paragraph 39 of the Complaint.

40. Defendant Frazier is without knowledge or information sufficient to form reasonable belief of the veracity of the allegations of paragraph 40 of the Complaint. To the extent that said allegations affect the defenses and arguments of defendant Frazier, he demands strict proof thereof.

## V. Causes of Action

### COUNT I

### BREACH OF CONTRACT (PENDENT STATE LAW CLAIM)

41. Defendant Frazier reavers and incorporates herein his answers in paragraph 1 through 40 of the Complaint as if the same were fully set forth herein.

42. Defendant Frazier admits that at all times material hereto there was an Alabama State University Non-Academic Staff Handbook which governed the terms and conditions of employment by and between plaintiff and Alabama State University and that all parties were governed by the provision of the handbook. Defendant Frazier denies each and every other material allegation of paragraph 42 of Count I of the Complaint, and demands strict proof thereof.

43. Defendant Frazier admits that the handbook describes due process rights for termination and discipline and appeal rights. Defendant Frazier denies each and every other material allegation contained in paragraph 43 of Count I of the Complaint.

44. Defendant Frazier denies each and every material allegation contained in paragraph 44 of Count I of the Complaint and demands strict proof thereof.

45. Defendant Frazier denies each and every material allegation of paragraph 45 of Count I of the Complaint and demands strict proof thereof.

## COUNT II

### CONSPIRACY TO VIOLATE CIVIL RIGHTRS UNDER 42 U.S.C. §1983 AND §1985 (CONSPIRACY)

46. Defendant Frazier reavers and incorporates herein paragraphs 1 through 45 of his answers heretofore set out herein.

47. Defendant Frazier denies each and every material allegation contained in paragraph 47 of Count II of the Complaint and demands strict proof thereof.

48. Defendant Frazier denies every material allegation contained in paragraph 48 of Count II of the Complaint and demands strict proof thereof.

## COUNT III

## CONSPIRACY (PENDENT STATE LAW CLAIM)

49. Defendant Frazier reavers and incorporates herein paragraphs 1 through 48 of his answers as if said answers were set forth herein.

50. Defendant Frazier denies each and every material allegation contained in paragraph 50 of Count III of said Complaint and demands strict proof thereof.

51. Defendant Frazier denies the allegations of paragraph 51 of Count III of the Complaint and demands strict proof thereof.

52. Defendant Frazier denies each and every allegation of paragraph 52 of Count III of the Complaint and demands strict proof thereof.

## COUNT IV

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITION (DUE PROCESS)

53. Defendant Frazier reavers and incorporates herein by reference paragraphs 1 through 52 of his answers as if the same were fully set forth herein.

54. Defendant Frazier denies the allegations of paragraph 54 of Count IV of the Complaint and demands strict proof thereof.

55. Defendant Frazier denies each and every material allegation contained

in paragraph 55 of Count IV of the Complaint and demands strict proof thereof.

56. Defendant Frazier denies each and every material allegation contained in paragraph 56 of Count IV of the Complaint and demands strict proof thereof.

## COUNT V

## VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

(FAILURE TO PROPERLY TRAIN, SUPERVISE AND CONTROL

57. Defendant Frazier reavers and incorporate herein by reference paragraphs 1 through 56 of his answers as if the same were set forth in Count V of this Complaint in full.

58. Defendant Frazier denies each and every material allegation contained in paragraph 58 of Count V of the Complaint and demands strict proof thereof.

59. Defendant Frazier denies each and every material allegation contained in paragraph 59 of Count V of the Complaint and demands strict proof thereof.

60. Defendant Frazier denies the allegations of paragraph 60 of Count V of the Complaint and demands strict proof thereof.

## COUNT VI

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION (EQUAL PROTECTION)

61. Defendant Frazier incorporates herein by reference paragraph 1 through 60 of his answers as if the same were set forth herein.

62. Defendant Frazier denies the allegations of paragraph 62 of Count VI of the Complaint and demands strict proof thereof.

63. Defendant Frazier denies each and every material allegation contained in paragraph 63 of Count VI of the Complaint and demands strict proof thereof.

64. Defendant Frazier denies the allegations of paragraph 64 of Count VI of the Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant Frazier denies that plaintiff is entitled to any of the relief requested in paragraphs 1-4 of her Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant Frazier asserts the following affirmative defenses against all claims and demands contained in plaintiff's Complaint.

1. The Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff's claims are barred by the applicable statute of limitations.

3.   Plaintiff has failed to state a claim upon which compensatory damages may be awarded.

4.   Plaintiff has failed to state a claim upon which punitive damages may be awarded.

5.   Plaintiff's claims are barred by the doctrine of laches.

6.   Defendant Frazier denies that he is guilty of any conduct which entitles plaintiff to recover punitive damages.

7.   Defendant Frazier avers that any award of punitive damages to the plaintiff in this case will be a violation of the constitutional safeguard provided to him under the Constitution of the State of Alabama and the Constitution of the United States of America.

8.   No action of defendant Frazier was the proximate cause of any violation of plaintiff's protected rights.

9.   All claims against defendant Frazier should be dismissed with prejudice as he is entitled to immunity for all claims.

10.  Public institutions created by the State for charitable or educational purposes are a part of the State and are not subject to be sued. This prohibition can not be circumvented by suing the officials or agents individually. Defendant

Frazier is therefore entitled to official capacity immunity; and all claims against defendant Frazier in his official capacity are due to be dismissed.

11. It affirmatively appears from the allegations of the Complaint that the doctrine of qualified immunity bars plaintiff's claims against defendant Frazier in his individual capacity.

12. Pursuant to the doctrine of qualified immunity "government officials performing discretionary functions generally are shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

14. It affirmatively appears from the allegations of the Compliant that defendant Frazier was at all times material acting within the scope of his discretionary authority and is therefore entitled to qualified immunity.

15. All claims against defendant Frazier should be dismissed as official capacity suites are nothing more than suites against the institution, and Alabama State University has already been named as party to this action.

16. Defendant Frazier is entitled to qualified immunity individually and in his official capacity against the plaintiff's claims brought pursuant to 42 U.S.C. §1983 and §1985.

17. At all times material hereto, Dr. Frazier was acting upon the reasonable understanding and belief of the requirements of the governing federal law and state statute.

Respectfully submitted,

*Solomon S. Seay, Jr.*
Solomon S. Seay, Jr.
ASB-7420-E67S
P.O. Box 210998
Montgomery, AL  36121
(334)274-0722

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing on the following counsel of record by mailing a copy thereof, properly addressed, postage prepaid this 23rd of May, 2007.

Thomas C. Tankersley, Esq.
602 South Hull Street
P.O. Box 11386
Montgomery, AL  36111-0386

Ramadanah M. Salaam-Jones
THOMAS, MEANS, GILLIS & SEAY
P.O. Box 5058
3121 Zelda Court
Montgomery, AL  36103-5058

*/s/ Solomon S. Seay, Jr.*