IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RITA FOSTER,                              )
                                          )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )        Civil Action No.
                                          )        2:07-CV-00247-MHT
JOE A. LEE, JAMES PARKER                  )
LEON FRAZIER, and ALABAMA                 )
STATE UNIVERSITY,                         )
                                          )
        Defendants.                       )

## JAMES PARKER'S ANSWER TO COMPLAINT

Comes now Defendant James Parker, by and through undersigned counsel, and submits his answer to the Complaint.

## ANSWER

### I. Jurisdiction

1.    Defendant Parker denies that this Court has jurisdiction of this case and demands strict proof thereof.

### II. Venue

2.    Should this Court lack jurisdiction to hear and determine this cause, venue is improper.

### III. Parties

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.     Defendant Parker denies that Frazier is a resident of Montgomery County, Alabama. Defendant Parker admits each and every other material allegation contained in paragraph 6 of the Complaint.

7.     Defendant Parker denies that Alabama State University is subject to suit under 42 U.S.C. § 1983. Defendant Parker admits each and every other material allegation contained in paragraph 7 of the Complaint.

IV.  Facts

8.     Defendant Parker is without knowledge or information sufficient to form a reasonable belief of the veracity of the allegations of paragraph 8 and therefore demands strict proof thereof.

9.     Defendant Parker is without sufficient knowledge or information necessary to form a reasonable belief of the veracity of the allegations of paragraph 9 and therefore demands strict proof thereof.

10.    Admits.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Defendant Parker admits a hearing was held on the charges and denies each and every other material allegation contained in paragraph 27 of the complaint, and demands strict proof thereof.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Defendant Parker is without knowledge or information sufficient to form a reasonable belief as to the veracity of the allegations of paragraph 32 of the Complaint.  To the extent that the allegations of paragraph 32 affect the defenses and arguments of Defendant Parker, he demands strict proof thereof.

33.    Defendant Parker admits that Plaintiff Foster filed an appeal of her termination to the ASU Board of Trustees.

34.    Defendant Parker is without knowledge or information sufficient to form a reasonable belief as to the veracity of the allegations of paragraph 34 of the Complaint.  To the extent that said allegations affect the defenses and arguments of

Defendant Parker, he demands strict proof thereof.

35.     Defendant Parker is without knowledge or information sufficient to form a reasonable belief as to the veracity of the allegations of paragraph 35, of the Complaint. To the extent that the allegations of paragraph 35 affect the defenses and arguments of Defendant Parker, he demands strict proof thereof.

36.     Defendant Parker is without knowledge or information sufficient to form a reasonable belief as to the veracity of the allegations of paragraph 36 and demands strict proof thereof.

37.     Admitted.

38.     Admitted.

39.     Defendant Parker denies the Alabama Ethics Commission issued an opinion. Defendant Parker admits the Ethics Commission referred its findings to the Attorney General of the State of Alabama.

40.     Admitted.

## V. Causes of Action

### COUNT I

### BREACH OF CONTRACT (PENDENT STATE LAW CLAIM)

41.     Defendant Parker reavers and incorporates herein his answers in paragraphs 1 through 40 of the Complaint as if the same were fully set forth herein.

42.     Defendant Parker admits that at all times material hereto there was an Alabama State University Non-Academic Staff Handbook which governed the terms and conditions of employment by and between plaintiff and Alabama State University and that all parties were governed by the provision of the handbook. Defendant Parker denies

each and every other material allegation of paragraph 42 of Count I of the Complaint, and demands strict proof thereof.

43.    Defendant Parker admits that the handbook describes due process rights for termination and discipline and appeal rights. Defendant Parker denies each and every other material allegation contained in paragraph 43 of Count I of the Complaint.

44.    Denied.

45.    Denied.

## COUNT II

## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. §1983 AND §1985 (CONSPIRACY)

46.    Defendant Parker reavers and incorporates herein paragraphs 1 through 45 of his answers heretofore set out herein.

47.    Denied.

48.    Denied.

## COUNT III

## CONSPIRACY (PENDENT STATE LAW CLAIM)

49.    Defendant Parker reavers and incorporates herein paragraphs 1 through 48 of his answers as if said answers were set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

## COUNT IV

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.§1983 AND FOURTEENTH AMENDMENT TO THE

## UNITED STATES CONSTITUTION (DUE PROCESS)

53.    Defendant Parker reavers and incorporates herein by reference paragraphs 1 through 52 of his answers as if the same were fully set forth herein.

54.    Denied.

55.    Denied.

56.    Denied.

## COUNT V

## VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.§1983 AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### (FAILURE TO PROPERLY TRAIN, SUPERVISE AND CONTROL)

57.    Defendant Parker reavers and incorporate herein by reference paragraphs 1 through 56 of his answers as if the same were set forth in Count V of this Complaint in full.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT VI

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.§1983 AND THE FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION (EQUAL PROTECTION)

61.    Defendant Parker incorporates herein by reference paragraphs 1 through 60 of his answers as if the same were set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

## PRAYER FOR RELIEF

Defendant Parker denies that plaintiff is entitled to any of the relief requested in paragraphs 1-4 of her Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant Parker asserts the following affirmative defenses against all claims and demands contained in plaintiff's Complaint.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations.

3.    Plaintiff has failed to state a claim upon which compensatory damages may be awarded.

4.    Plaintiff has failed to state a claim upon which punitive damages may be awarded.

5.    Plaintiff's claims are barred by the doctrine of laches.

6.    Defendant Frazier denies that he is guilty of any conduct which entitles plaintiff to recover punitive damages.

7.    Defendant Frazier avers that any award of punitive damages to the plaintiff in this case will be a violation of the constitutional safeguard provided to him under the Constitution of the State of Alabama and the Constitution of the United States of America.

8.    No action of Defendant Parker should be dismissed with prejudice as he is entitled to immunity for all claims.

9.    All claims against Defendant Parker should be dismissed with prejudice as he is entitled to immunity for all claims.

10.    Public institutions created by the State for charitable or educational purposes are a part of the State and are not subject to be sued. This prohibition cannot be circumvented by suing the officials or agents individually. Defendant Parker is therefore entitled to official capacity immunity; and all claims against Defendant Parker in his official capacity are due to be dismissed.

11.    It affirmatively appears from the allegations of the Complaint that the doctrine of qualified immunity bars plaintiff's claims against Defendant Parker in his individual capacity.

12.    Pursuant to the doctrine of qualified immunity "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

13.    It affirmatively appears from the allegations of the Complaint that Defendant Parker was at all times material acting within the scope of his discretionary authority and is therefore entitled to qualified immunity.

14.    All claims against Defendant Parker should be dismissed as official capacity suits are nothing more than suits against the institution, and Alabama State University has already been named as party to this action.

15.    Defendant Parker is entitled to qualified immunity individually and in his official capacity against the plaintiff's claims brought pursuant to 42 U.S.C.§1983 and §1985.

16.    At all times material hereto, Defendant Parker was acting upon the reasonable

understanding and belief of the requirements of the governing federal law and state

statute.

Respectfully submitted this the 15 day of June, 2007.

JAMES H. ANDERSON
ASB-4440-RS37

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY, & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Thomas C. Tankersley, Esq.
P.O. Box 11386
Montgomery, AL 36111-0386

Ramadanah M. Salaam-Jones
Thomas, Means, Gillis & Seay
P.O. Box 5058
Montgomery, AL 36103

on this the _15_ day of June, 2007.

Of Counsel